1  **THE AGUILERA LAW GROUP, APLC**                           J S - 6
   A. Eric Aguilera (SBN 192390)
2  Kimberly R. Arnal (SBN 200448)
3  Aaron M. Daniels (SBN 279681)
   23046 Avenida De La Carlota, Suite 300
4  Laguna Hills, CA 92653
5  T: 714.384-6600 / F: 714.384.6601
   eaguilera@aguileragroup.com
6  karnal@aguileragroup.com
7  adaniels@aguileragroup.com
   alg@aguileragroup.com
8
9  Attorneys for Plaintiff Travelers Property Casualty Company of America

10
                    **UNITED STATES DISTRICT COURT**
11
           **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
12

13 TRAVELERS PROPERTY                    Case No.  8:22-cv-00930-SSS-KESx
   CASUALTY COMPANY OF
   AMERICA, a Connecticut corporation.
14                                        **JUDGMENT FOR PLAINTIFF**
                                          **TRAVELERS PROPERTY**
15          Plaintiff,                    **CASUALTY COMPANY OF**
                                          **AMERICA AGAINST LIBERTY**
16          v.                            **MUTUAL FIRE INSURANCE**
                                          **COMPANY**
17 LIBERTY MUTUAL FIRE
   INSURANCE COMPANY, et al.,
18
            Defendants
19

20      **JUDGMENT**
21
         It appearing from the files and records in this action that:
22
         1.     On February 19, 2025, the Court entered an order (Docket No. 89)
23
   awarding summary judgment to Plaintiff Travelers Property Casualty Company of
24
   America ("Travelers") against Defendant Liberty Mutual Fire Insurance Company
25
   ("Liberty") ruling that 1) Travelers did not have a duty to defend Turner Construction
26
   Company ("Turner") in the underlying action of *T-12 Three, LLC v. Turner*
27
   *Construction Company, et al.*, Case No. 30-2011-00514568-CU-SU-CXC filed in the
28
                                          1

Superior Court of California for the County of Orange (the "Underlying Action") under the 2006-2008 policies issued by Travelers; 2) Travelers did not have a duty to defend Turner in the Underlying Action under the 2012-2018 policies issued by Travelers; and 3) Travelers is entitled to equitable contribution and equitable indemnity from Liberty because it did not have a duty to defend Turner, and

2.    In the same order, the Court denied Liberty's Motion for Partial Summary Judgment,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.    Travelers owes no duty to defend Turner Construction in the Underlying Action. Travelers is entitled to reimbursement from Liberty in the amount of $2,186,359.76, plus costs and disbursements in the amount of $ TBD, together with interest thereon as provided by statute from the date of entry of this judgment; and

2.    Counterclaimant Liberty shall have no recovery against Travelers.

Dated: March 4, 2025

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT COURT JUDGE

Case No. 8:22-cv-00930-SSS (KESx)
**JUDGMENT FOR PLAINTIFF**
**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AGAINST**
**LIBERTY MUTUAL FIRE INSURANCE COMPANY**